UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-1819 AG (RNBx) | Date | February 24, 2014 |
|---|---|---|---|
| Title | SATWANT B. CHEEMA and SANJIT CHEEMA v. WELLS FARGO HOME MORTGAGE et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   [IN CHAMBERS] ORDER GRANTING APPLICATION TO SET ASIDE DEFAULT; GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE

In this foreclosure-related lawsuit, Plaintiffs Satwant B. Cheema and Sanjit Cheema are suing Defendants Wells Fargo Home Mortgage d/b/a America's Servicing Company ("Wells Fargo"); Morgan Stanley Loan Trust 2006-5AR ("Morgan Stanley"); NBS Default Services, LLC ("NBS"); and Mortgage Electronic Registration Services, Inc. ("MERS"). (Complaint, Dkt. No. 1.)

Defendants Wells Fargo, Morgan Stanley, and MERS (collectively "Lender Defendants") filed a Motion to Dismiss and a Motion to Strike Portions of Plaintiffs' Complaint. (Motion to Dismiss, Dkt. No. 39; Motion to Strike Portions of Plaintiffs' Complaint, Dkt. No. 40.) Defendant NBS has moved to set aside the default entered against it and join in the Lender Defendants' motions. (Application to Set Aside Default, Dkt. No. 24.)

The Court GRANTS the Application to Set Aside Default, GRANTS in part and DENIES in part the Motion to Dismiss, and GRANTS in part and DENIES in part as moot the Motion to Strike.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1819 AG (RNBx) | Date | February 24, 2014 |
|---|---|---|---|
| Title | SATWANT B. CHEEMA and SANJIT CHEEMA v. WELLS FARGO HOME MORTGAGE et al. | | |

# BACKGROUND

The following facts are taken primarily from the Plaintiff's Complaint, whose allegations the Court accepts as true for the purposes of a motion to dismiss. *See Skilstaf, Inc., v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

Plaintiffs are a married couple who own real property in Rancho Santa Margarita, California. (Complaint ¶ 6.) The thrust of Plaintiffs' Complaint is that Defendants unlawfully foreclosed on the property and unlawfully refused to offer a loan modification to Defendants.

On September 15, 2005, Plaintiff financed the property with Lender Metrocities Mortgage LLC. (*Id.* ¶ 16.) That day, the First Deed of Trust was recorded on the property, identifying Plaintiffs as "Trustor," Metrocities Mortgage LLC as "Lender" and "Beneficiary," and Land America Gateway Title Company as "Trustee." (*Id.* ¶ 17.)

A Corporate Assignment of Deed of Trust ("Assignment") was signed on February 22, 2012, and recorded on March 6, 2012. (*Id.* ¶ 18.) The Assigment was executed by Defendant MERS "as Nominee for Metrocities Mortgage," and it purported to transfer "all beneficial interest" in the Deed of Trust to "LaSalle Bank National Association, as Trustee for Morgan Stanley Loan Trust 2006-5AR." (*Id.*) Plaintiffs allege that, because the Assignment did not include or refer to a promissory note, the Assignment is void. (*Id.*) Plaintiffs further allege that a subsequently recorded Substitution of Trustee, which purported to remove Land America Gateway Title Company as Trustee and replace it with Defendant NBS, is also void. (*Id.* ¶ 19.)

On November 15, 2012, a Notice of Default and Election to Sell Under Deed of Trust was recorded by Defendant NBS. (*Id.* ¶ 20.) The Notice of Default stated that the property was in foreclosure because Plaintiffs were behind on their payments, and a sale date could be set 90 days from the recording of the Notice of Default. (Notice of Default, Dkt. No. 1 Ex. 4.) On April 4, 2013, a Notice of Trustee's Sale was recorded on the property by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1819 AG (RNBx) | Date | February 24, 2014 |
|---|---|---|---|
| Title | SATWANT B. CHEEMA and SANJIT CHEEMA v. WELLS FARGO HOME MORTGAGE et al. | | |

NBS. (*Id.* ¶ 21.) The property was scheduled for a trustee's sale on November 20, 2013.

On November 19, 2013, the day before the scheduled sale, Plaintiffs filed their Complaint and an Application for Temporary Restraining Order in this Court, seeking an injunction of the sale. (Application for Temporary Restraining Order, Dkt. No. 4.) The Court denied the Application in part because Plaintiffs failed to establish any reason for waiting until the day before the sale to seek an injunction. (Order, Dkt. No. 5.)

The Complaint alleges thirteen claims: Claim One: Cancellation of Instruments; Claim Two: Quiet Title; Claims Three to Five: Wrongful Foreclosure; Claim Six: Racketeer Influenced and Corrupt Organizations Act; Claim Seven: Fair Debt Collection Practices Act; Claim Eight: Breach of Contract and Duty of Good Faith—SPA; Claim Nine: Breach of Contract and Duty of Good Faith—TPP; Claim Ten: Promissory Estoppel; Claim Eleven: California Business and Professions Code § 17200; Claim Twelve: Declaratory Relief; and Claim Thirteen: Accounting.

## PRELIMINARY MATTERS

To support its Motion, Defendants request that the Court take judicial notice of the following five documents filed by the Orange County Clerk-Recorder in the Official Records of the Clerk-Recorder's Office: (1) a Notice of Default recorded on May 21, 2008; (2) a July 1, 2008, Assignment of Deed of Trust ; (3) an August 25, 2008, Notice of Trustee's Sale; (4) a June 25, 2009, Notice of Rescission; (5) a July 30, 2009, Loan Modification Agreement; and (6) a December 13, 2013, Trustee's Deed of Sale. (Request for Judicial Notice, Dkt. No. 41.)

Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts may take judicial notice of "matters of public record." *Id.* But courts may not take

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1819 AG (RNBx) | Date | February 24, 2014 |
|---|---|---|---|
| Title | SATWANT B. CHEEMA and SANJIT CHEEMA v. WELLS FARGO HOME MORTGAGE et al. | | |

judicial notice of a fact that is "subject to reasonable dispute." *Id.* Thus, courts may take judicial notice of "*undisputed* matters of public record," but may not take judicial notice of "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001) (emphasis in original). Facts subject to judicial notice may be considered on a motion to dismiss. *Mullis v. U.S. Bankr. Ct.*, 828 F.2d. 1385, 1388 (9th Cir. 1987).

Plaintiffs object to the request because the "source . . . of many of the documents is uncertain." (Objection, Dkt. No. 46, at 3.) But the source of the documents, the Official Records of the Orange County Clerk-Recorder, is apparent from the face of each document.

The Court GRANTS Defendants' Request for Judicial Notice as to these documents. In considering these documents, the Court takes note only of their existence, not the truth of their contents.

Defendants also request judicial notice of the Ex Parte Application filed in this case and one of the Court's orders in this case. Setting aside whether judicial notice of these documents is necessary or proper, the Court considers these documents in reviewing the motions.

**MOTION TO SET ASIDE DEFAULT**

On December 26, 2013, Plaintiffs requested that the clerk enter default against Defendant NBS for failing to file an answer within 21 days of service of the Complaint. (Request for Entry of Default, Dkt. No. 21.) The next day, the clerk entered default against NBS. (Default by Clerk, Dkt. No. 23.) On December 30, the next business day after the entry of default, NBS moved to set aside default. (Application to Set Aside Default, Dkt. No. 24.) NBS has attached a proposed Answer, and it also seeks to join in Lender Defendants' Motion to Dismiss and Motion to Strike. (Proposed Responsive Pleadings, Dkt. No. 24-2 .) Plaintiffs oppose the Application to Set Aside Default. (Opposition, Dkt. No. 26.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1819 AG (RNBx) | Date | February 24, 2014 |
|---|---|---|---|
| Title | SATWANT B. CHEEMA and SANJIT CHEEMA v. WELLS FARGO HOME MORTGAGE et al. | | |

Because the relevant factors support permitting NBS to litigate its defense on the merits, the Court GRANTS the Application to Set Aside Default.

**1.      LEGAL STANDARD**

Default judgments are "generally disfavored," and "whenever it is reasonably possible, cases should be decided on their merits." *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974). Under Federal Rule of Civil Procedure 55(c), a district court may set aside a default for "good cause." Fed. R. Civ. Pro. 55(c). The "good cause" analysis considers three factors: (1) whether the moving party engaged in culpable conduct that led to the default; (2) whether the moving party has a meritorious defense; and (3) whether reopening the default would prejudice the non-moving party. *See Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004). The Court has broad discretion to determine whether to set aside a default. *See Brady v. United States*, 211 F.3d 499, 504 (9th Cir.2000) (noting that district court's discretion is "especially broad" in setting aside an entry of default, rather than a default judgment).

**2.      ANALYSIS**

First, good cause exists to set aside the default because the default was not the result of culpable conduct. According to a declaration by Michael Le, counsel for NBS, a paralegal at the firm retained by NBS mistakenly calendared the response deadline as 30 days, rather than the 21 days required in federal court. (Michael Le Decl., Dkt. No 24-1, ¶ 2.) Plaintiffs call this a "fabricated excuse." (Opposition at 3.) But it is not clear to the Court why Plaintiffs believe that is so. Plaintiffs point to a Declaration of Non-Monetary Status apparently served on Plaintiff's counsel, but fail to coherently explain how the existence of this document demonstrates that counsel of NBS is lying to the Court. Further, that NBS attempted to join in the Lender Defendant's motions the same day that default was entered, and filed their Application to Set Aside Default the next business day, is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1819 AG (RNBx) | Date | February 24, 2014 |
|---|---|---|---|
| Title | SATWANT B. CHEEMA and SANJIT CHEEMA v. WELLS FARGO HOME MORTGAGE et al. | | |

consistent with a diligent effort to litigate this case on the merits. The Court finds that the default was the result of an excusable error, not culpable conduct.

Second, NBS has a meritorious defense. NBS seeks to join in the defenses on the merits presented in the Lender Defendants' motions, which the Court analyzes in detail later in this Order.

Third, Plaintiffs will not be prejudiced by the default. "[M]erely being forced to litigate on the merits cannot be considered prejudicial." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001).

The Court GRANTS the Application to Set Aside Default, along with the accompanying request of NBS to join in the motions filed by Lender Defendants. Plaintiff's request to cross-examine Michael Le is DENIED. (*See* Request to Cross Exam [sic] Declarant, Dkt. No. 28.)

## MOTION TO DISMISS

Defendants move to dismiss each of Plaintiffs' claims for failure to state a claim. (Motion to Dismiss, Dkt. No. 39.) The Court DENIES the Motion to Dismiss as to Claim Nine, but GRANTS the Motion to Dismiss as to Claims One through Eight and Ten through Thirteen.

### 1.     LEGAL STANDARD

A court should grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when, "accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party," a complaint fails to state a claim upon which relief can be granted. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); *see* Fed. R. Civ. P. 12(b)(6). "[D]etailed factual allegations" aren't

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1819 AG (RNBx) | Date | February 24, 2014 |
|---|---|---|---|
| Title | SATWANT B. CHEEMA and SANJIT CHEEMA v. WELLS FARGO HOME MORTGAGE et al. | | |

required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). But there must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . [and] plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

If a court dismisses a claim, it must also decide whether to allow the plaintiff to amend the complaint. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But the "court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citation omitted).

**2.     ANALYSIS**

   **2.1     Claims One, Three, Four, Five, Ten, and Twelve**

Defendants argue that Plaintiffs' First, Third, Fourth, Fifth, Tenth, and Twelfth Claims fail because Plaintiff has not alleged tender of all amounts due. "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (1971); *see also Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (holding that plaintiff-appellant was "required to allege tender of the amount [owed] in order to maintain a cause of action for irregularity in the sale procedure"); *Alicia v. GE Money Bank*, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) (dismissing plaintiff's wrongful foreclosure claims for failure to tender despite plaintiff's allegation that the securitization of her loan made it impossible to identify the true beneficiary). Any claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1819 AG (RNBx) | Date | February 24, 2014 |
|---|---|---|---|
| Title | SATWANT B. CHEEMA and SANJIT CHEEMA v. WELLS FARGO HOME MORTGAGE et al. | | |

"implicitly integrated" with an alleged irregular sale fails unless Plaintiffs allege a valid tender. *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 579 (1984). The same goes for a claim of promissory estoppel. *See Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th 218, 231 (2011) ("Because this is not a case where the homeowner paid the funds needed to reinstate the loan before the foreclosure, promissory estoppel does not provide a basis for voiding the deed of sale or otherwise invalidating the foreclosure.").

Plaintiffs argue that they are excused from the tender requirement because the promissory note was "never transferred or assigned . . . and that all purported assignments are void." (Opposition at 8.) But under California law, a beneficiary may "initiate foreclosure proceedings . . . against a defaulting borrower, even when the beneficiary is not the holder of the original promissory note." *Ferguson v. Avelo Mortg., LLC*, 195 Cal. App. 4th 1618, 1627 (2011). And even an invalid assignment does not affect Plaintiffs' rights and duties on their home loan. *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) ("[A]n assignment merely substituted one creditor for another, without changing [plaintiff's] obligations under the note."). Thus, whether or not the assignment was improper, Plaintiffs do not have standing to challenge the assignment. *See Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 514–15 (2013).

The Court DISMISSES the First, Third, Fourth, Fifth, Tenth, and Twelfth Claims with leave to amend those claims.

### 2.2 Claim Two

Defendants move to dismiss the Second Claim, Quiet Title, because Plaintiffs must allege that their debt has been paid to state a claim for quiet title. *See Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974) ("The cloud upon his title persists until the debt is paid."). In their Opposition, Plaintiffs do not even address the second claim.

The Court DISMISSES the Second Claim with leave to amend that claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1819 AG (RNBx) | Date | February 24, 2014 |
|---|---|---|---|
| Title | SATWANT B. CHEEMA and SANJIT CHEEMA v. WELLS FARGO HOME MORTGAGE et al. | | |

### 2.3 Claim Six

Defendants move to dismiss the Sixth Claim, violation of the Racketeering and Corrupt Organizations Act, for failure to state a claim. Plaintiffs have stated that they do not oppose dismissal of the claim but ask for leave to amend to add specificity.

The Court DISMISSES the Sixth Claim with leave to amend that claim.

### 2.4 Claim Seven

Plaintiffs' Seventh Claim is for unfair debt collection practices under the federal Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA").

But the "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002). Plaintiffs make vague, conclusory allegations that fail to specify what each Defendant did to violate these statutes. (*See, e.g.*, Complaint at ¶ 114 ("Defendants' actions constitute a violation of [RFDCPA] in that they threatened to take actions or did take actions not permitted by law . . . .").) These allegations fail to state a claim. *See Nguyen v. LaSalle Bank Nat. Ass'n*, 2009 WL 3297269 (C.D. Cal. 2009) (dismissing fair debt collection claims because it was "not clear which of the defendants participated in the allegedly unlawful conduct").

The Court DISMISSES the Seventh Claim with leave to amend that claim.

### 2.5 Claim Eight

Plaintiffs' Eighth Claim, for breach of contract and breach of the duty of good faith and fair dealing, concern the Servicer Participation Agreement ("SPA"). The SPA is an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1819 AG (RNBx) | Date | February 24, 2014 |
|---|---|---|---|
| Title | SATWANT B. CHEEMA and SANJIT CHEEMA v. WELLS FARGO HOME MORTGAGE et al. | | |

agreement between Defendant Wells Fargo and the U.S. Treasury that requires Wells Fargo to abide by the Home Affordable Modification Program ("HAMP"), and Plaintiffs allege Wells Fargo breached the SPA by failing to provide Plaintiffs with the opportunity to accept permanent loan modifications. (Complaint ¶ 25, 121.) Defendants argue that Plaintiffs cannot sue for any breach of the SPA because Plaintiffs are not third-party beneficiaries of the SPA.

Third party beneficiaries fall into two categories: intended and incidental. Intended third party beneficiaries have standing to enforce the contract. Incidental third party beneficiaries do not. *See* Restatement (Second) of Contracts, § 302. In the context of government contracts, there is a presumption that any beneficiaries are only incidental beneficiaries. "Parties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1211 (9th Cir. 1999).

Plaintiffs cite *Corvello v. Wells Fargo Bank* for the proposition that "HAMP loan modification agreements are enforceable by a third party beneficiary." (Opposition at 12 (citing *Corvello v. Wells Fargo Bank*, *N.A.*, 728 F.3d 878 (9th Cir. 2013)). But *Corvello* did not address whether any agreement was enforceable by a third-party beneficiary. That case dealt with a contract made directly between the loan servicer and the borrower.

Plaintiffs have not overcome the presumption that they are at most an incidental beneficiary of the contract between Wells Fargo and the government. Many other courts, including this Court, have concluded that homeowners are not intended third-party beneficiaries of these agreements. *See Hoffman v. Bank of America*, 2010 WL 2635773 (N.D. Cal. June 30, 2010) ("[T]he existing case law weighs decisively in favor of defendant: numerous district courts have interpreted identical HAMP agreements and have come to the conclusion that a borrower is not [an intended] third party beneficiary.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1819 AG (RNBx) | Date | February 24, 2014 |
|---|---|---|---|
| Title | SATWANT B. CHEEMA and SANJIT CHEEMA v. WELLS FARGO HOME MORTGAGE et al. | | |

The Court DISMISSES the Eighth Claim with leave to amend that claim.

### 2.6   Claim Nine

Plaintiffs' Ninth Claim is for breach of contract and breach of the duty of good faith and fair dealing, concerning the Trial Payment Plan ("TPP") Agreement. The Complaint alleges that Plaintiffs and Wells Fargo entered into a TPP Agreement, which promised Plaintiffs a permanent modification of their mortgage after "all trial period payments are timely made and [Plaintiffs] have submitted all the required documents." (Complaint ¶ 126 & Ex. 7.) Plaintiffs allege that they made the payments and submitted the supporting documentation, but that Wells never offered Plaintiffs a permanent modification. (*Id.* ¶¶ 127–28, 132.)

Defendants argue that, as a matter of law, participation in a TPP does not require Wells Fargo to provide a loan modification under *Nungaray v. Litton Loan Servicing, LP*, 200 Cal. App. 4th 1499 (2011). But Defendants read that case too broadly. *See Corvello*, 728 F.3d at 884 (in holding that a TPP agreement was an enforceable contract, distinguishing *Nungaray* "because the borrowers [in *Nungaray*] had failed to submit the documents required by the TPP"). Here, Plaintiffs allege that the contract required loan modification if Plaintiffs met certain conditions, that Plaintiffs met those conditions, and that Wells Fargo failed to modify their loan.

The Court DENIES the Motion to Dismiss as to Claim Nine.

### 2.7   Claim Eleven

Plaintiffs' Eleventh Claim is for unlawful, unfair, or deceptive practices in violation of California Business and Professions Code section 7200. "A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-1819 AG (RNBx) | Date | February 24, 2014 |
|---|---|---|---|
| Title | SATWANT B. CHEEMA and SANJIT CHEEMA v. WELLS FARGO HOME MORTGAGE et al. | | |

App. 4th 612, 619 (1993). Defendants argue that Plaintiffs have not done so, as Plaintiffs simply incorporate all other allegations in the Complaint and broadly allege violations of section 17200 against all Defendants. (*See* Complaint ¶¶ 147–48.)

The Court agrees that the Complaint fails to go beyond "simply recit[ing] the elements of a cause of action" with respect to the claim for unlawful business practices. *Starr,* 652 F.3d at 1216 (9th Cir. 2011).

The Court DISMISSES the Eleventh Claim with leave to amend that claim.

### 2.8     Claim Thirteen

Plaintiffs' Thirteenth Claim is for accounting. Accounting is a remedy that must be based on substantive claims. *See Union Bank v. Superior Ct.*, 31 Cal. App. 4th 573, 593–94 (1995). Because the claim for accounting appears to rest on claims that the Court has dismissed, it fails along with those claims.

The Court DISMISSES the Thirteenth Claim with leave to amend that claim.

### 2.9     Conclusion

The Court DENIES the Motion to Dismiss as to Claim Nine. The Court otherwise GRANTS the Motion to Dismiss and DISMISSES the remaining claims with leave to amend those claims.

## MOTION TO STRIKE

Defendants move to strike the allegations in the Complaint concerning punitive damages, emotional distress damages, and attorney's fees. (Motion to Strike Portions of Plaintiffs' Complaint, Dkt. No. 40.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-1819 AG (RNBx) | Date | February 24, 2014 |
|---|---|---|---|
| Title | SATWANT B. CHEEMA and SANJIT CHEEMA v. WELLS FARGO HOME MORTGAGE et al. | | |

**1. LEGAL STANDARD**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts must view the pleadings under attack in the light most favorable to the pleader. *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000). Motions to strike portions of a pleading are "generally disfavored," and "generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1209 (C.D. Cal. 2008).

**2. ANALYSIS**

**2.1 Punitive Damages**

Defendants seek to strike a portion of Plaintiffs' Complaint seeking punitive damages. Defendants argue that Plaintiffs have not alleged facts to satisfy the requirements of California Civil Code section 3294, which requires that "defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). In response, Plaintiffs merely point to allegations in the Complaint that Defendants engaged in unlawful conduct.

The Court agrees that the allegations are insufficient to support a request for punitive damages, and GRANTS the Motion to Strike as to punitive damages.

**2.2 Emotional Distress**

Defendants seek to strike portions of the Complaint concerning emotional distress, but these allegations are part of claims that the Court already dismissed. The Court DENIES the Motion to Strike as to these portions of the Complaint as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-1819 AG (RNBx) | Date | February 24, 2014 |
|---|---|---|---|
| Title | SATWANT B. CHEEMA and SANJIT CHEEMA v. WELLS FARGO HOME MORTGAGE et al. | | |

### 2.3 Attorney Fees

Defendants seek to strike numerous portions of the Complaint seeking attorney fees. As to the attorney fee allegations within claims that the Court has already dismissed, the Motion to Strike is DENIED as moot. But as to the remaining attorney fee allegations, the Court agrees that the Complaint does not allege a basis for attorney fees for the remaining claim. As to these allegations, the Court GRANTS the Motion to Strike.

### **DISPOSITION**

The Court GRANTS the Application to Set Aside Default, along with the accompanying request of NBS to join in the motions filed by Lender Defendants. Plaintiffs' request to cross-examine Michael Le is DENIED.

The Court DENIES the Motion to Dismiss as to Claim Nine. The Court otherwise GRANTS the Motion to Dismiss and DISMISSES the remaining claims with leave to amend those claims.

The Motion to Strike is DENIED in part as moot and GRANTED in part.

Any amended complaint must be filed within 14 days of this Order. If no amendment alleging a claim against Defendants Morgan Stanley, NBS, or MERS is timely filed, then those Defendants will be automatically dismissed.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | | lmb |